■ In the Matter of Tony H. (Anonymous), Appellant, a Person Alleged to be a Juvenile Delinquent.—Appeal from an order of the Family Court, Queens County, dated May 16, 1975, which, after a fact-finding determination that appellant had done an act which, if done by an adult, would constitute the crime of attempted murder, adjudicated him a juvenile delinquent and placed him in a State Training School for a period of 18 months. Order affirmed, without costs or disbursements. On February 22, 1975, at approximately 1:00 A.M., a 15-year-old male, William Cardwell, was shot while seated on a house stoop in Queens County, New York. Cardwell was approached by a gang of five youths, one of whom was the appellant, who apparently believed Cardwell to be a member of some rival gang. The appellant shot Cardwell twice, one bullet just missing the aortic knob. Had it struck the knob, it may well have resulted in a homicide. The victim's

testimony as to the identity of the appellant was positive. He had known the latter from school and, on the morning in question, the street and house lights were sufficiently illuminated for him to observe his assailant. The appellant argues that the evidence adduced is insufficient to establish his guilt beyond a reasonable doubt. We disagree. The record before us sufficiently establishes the appellant's guilt beyond a reasonable doubt. We take note that subdivision (b) of section 744 of the Family Court Act requires that a delinquency determination "must be based on a preponderance of the evidence." Such a test has been declared unconstitutional. (See *Matter of Winship,* 397 US 358, 362, in which it was held that, in a case such as this, guilt must be established beyond a reasonable doubt.) Gulotta, P. J., Martuscello, Latham, Cohalan and Shapiro, JJ., concur.